■ CAMALA Co., Appellant, v INLAND CREDIT CORPORATION et al., Respondents.—Order, Supreme Court, New York County (Edward J. Greenfield, J.), entered April 5, 1989, which granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment or, alternatively, to compel the deposition of defendant Stern, unanimously affirmed for the reasons stated by Justice Greenfield, with costs.

We add only that assuming, arguendo, the parties' 1978 participation agreement was ambiguous with respect to the payment of interest as opposed to reduction of principal, such ambiguity by itself was inadequate to defeat summary judgment. Rather, plaintiff was required to come forward with particular extrinsic evidence supporting its interpretation. *(Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 290; *Sutton v East Riv. Sav. Bank,* 55 NY2d 550, 554.) This plaintiff failed to do. Nor are plaintiff's self-generated protests about defendant Plantsville's acts and calculations, made only after the relevant agreements were executed, and abandoned three years before plaintiff commenced this action, sufficient to create any factual issues regarding its interpretation of the agreements. Concur—Sullivan, J. P., Ross, Kassal, Ellerin and Wallach, JJ.